UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DEPENDABLE GARDENING et al, | ) | Civil No.08cv1608 JAH(WMc) |
| Plaintiff, | ) ) | **ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE AND DENYING REQUEST TO PROCEED *IN FORMA PAUPERIS* AS MOOT** |
| v. | ) ) | |
| CALIFORNIA COMMISSION ON JUDICIAL PERFORMANCE, | ) ) ) | |
| Defendant. | ) ) | |

Plaintiff, a non-prisoner appearing *pro se*, has filed a complaint alleging civil rights violations, among other things, along with a request to proceed *in forma pauperis*. All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). *See* Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999).

Notwithstanding payment of any filing fee or portion thereof, a complaint filed by any person seeking to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the court to the extent it is "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). 28 U.S.C. § 1915(e)(2) mandates that the Court reviewing a complaint filed pursuant to the *in forma*

*pauperis* provisions of Section 1915 make and rule on its own motion to dismiss before directing that the complaint be served by the U.S. Marshal pursuant to Fed. R. Civ. P. 4(c)(2). Lopez, 203 F.3d at 1127.

As currently plead, it is clear that plaintiff's complaint fails to state a claim upon which relief can be granted. Under Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Navarro, 250 F.3d at 732. Dismissal is also warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984); *see* Neitzke v. Williams, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. Robertson, 749 F.2d at 534.

Here, plaintiff's complaint consists of a single statement: "Plaintiff alleges abuse of discretion and defamation of character." Plaintiff has alleged no facts in support of his claim. Thus, this Court finds that there are no allegations in plaintiff's complaint that can reasonably be construed as presenting a cognizable claim for relief and, therefore, must be *sua sponte* dismissed pursuant to Section 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. Because the complaint must be dismissed, plaintiff's request to proceed *in forma pauperis* is moot.[1] Accordingly, IT IS HEREBY ORDERED that:

//
//
//
//

---

[1] This Court also notes that Dependable Gardening appears to be a corporation. Case law establishes that corporations, partnerships, and other business associations can appear in federal court only through licensed counsel. Rowland v. California Men's Colony, 506 U.S. 194, 202-03 (1993); United States v. High Country Broadcasting Co., 3 F.3d 1244, 1245 (9th Cir. 1993); accord CivLR 83.3(k). Accordingly, Dependable Gardening may not prosecute this action *pro se* and must, therefore, retain new counsel in order to prosecute this action further. If not, corporate defendants may risk dismissal of this case on default judgment.

1.  The instant complaint is *sua sponte* **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted; and

2.  Plaintiff's requests to proceed *in forma pauperis* is **DENIED** as moot;

IT IS SO ORDERED.

DATED:  September 5, 2008

_____
JOHN A. HOUSTON
United States District Judge